IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Redland Insurance Company, Inc., | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| Wofford Demolition and | ) | |
| Renovation Specialists, Inc., f/k/a | ) | |
| Luke Wofford Trucking, Inc., Pee | ) | |
| Dee Environmental Services, Inc., | ) | |
| JESCO, Inc., and Jane Strauss, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff, Redland Insurance Company, by and through its undersigned counsel, complaining of the Defendants above named, would respectfully show unto this Honorable Court as follows:

**Parties, Jurisdiction, Venue**

1.      Plaintiff Redland Insurance Company, Inc. ("Redland") is corporation organized and existing pursuant to the laws of New Jersey, and has its principal place of business in the State of New York.

2.      Upon information and belief, Defendant Wofford Demolition and Renovation Specialists, Inc., f/k/a Luke Wofford Trucking, Inc. ("Luke Wofford Trucking") is a corporation organized and existing pursuant to the laws of the State of South Carolina with its principal place of business in Florence County.

3. Upon information and belief, Defendant Pee Dee Environmental Services, Inc. ("Pee Dee Environmental") is a corporation organized and existing pursuant to the laws of South Carolina with its principal place of business in Florence County.

4. Upon information and belief, Defendant JESCO, Inc. ("JESCO") is a corporation that is currently or in the past was organized and existing pursuant to the laws of the State of South Carolina with its principal place of business in Florence County.

5. Upon information and belief, Defendant Jane Strauss, is the current and/or former owner of the defendant, JESCO, and a resident of Florence County.

6. This declaratory judgment action is brought pursuant to 28 U.S.C.A. § 2201 for the purpose of determining a question of actual controversy between the parties as more fully appears below.

7. This action is of a civil nature involving, exclusive of interests and costs, a sum in excess of Seventy-Five Thousand and No/100ths ($75,000.00) Dollars. Every issue of law and fact in this action is wholly between citizens of different states.

8. Venue is proper in the Florence Division based upon the location of the defendants in Florence County, State of South Carolina.

**Facts**

9. In late May or early June 2008, defendant Jane Strauss, individually and on behalf of the defendant JESCO, hired defendant Luke Wofford Trucking to remove trash and debris from a former JESCO manufacturing site in Florence County.

10. Upon information and belief, before Luke Wofford Trucking agreed to undertake the work, Strauss represented and assured Luke Wofford Trucking that there were no hazardous or toxic materials at the JESCO site.

2

11. Upon information and belief, on or around June 6, 2008, Luke Wofford Trucking began hauling loads of the designated trash and debris from the JESCO site to a landfill in Florence County owned and operated by defendant Pee Dee Environmental.

12. Upon information and belief, Luke Wofford Trucking hauled additional loads of designated trash and debris from the JESCO site to Pee Dee Environmental's landfill on June 9th, June 10th, June 11th, and June 12th, 2008.

13. Upon information and belief, on June 12, 2008, a bulldozer operator employed by Pee Dee Environmental was moving some of the JESCO debris that had been transported to the landfill by an employee or employees of Luke Wofford Trucking when the bulldozer operator allegedly experienced burning sensations from fumes allegedly coming from the JESCO materials.

14. Pee Dee Environmental contacted the South Carolina Department of Health and Environmental Control ("DHEC") to assist in the assessment of the JESCO debris, and DHEC determined the JESCO materials were toxic and hazardous.

15. Upon information and belief, the material determined to be toxic was expandable foam insulation, which had been stored in barrels at the JESCO site for an unknown period of time before Luke Wofford Trucking transported it to the landfill owned and operated by Pee Dee Environmental.

16. Prior to dumping at the landfill, Luke Wofford Trucking was not informed by Strauss or JESCO of the existence of the toxic materials, and upon information and belief, Luke Wofford Trucking was given documentation certifying the JESCO debris to be non-hazardous.

17. DHEC subsequently required Pee Dee Environmental to hire a remediation crew specializing in hazardous waste removal to clean up the landfill area where the JESCO materials had been deposited and to safely dispose of the toxic JESCO debris.

18. Pee Dee Environmental subsequently filed a claim against Luke Wofford Trucking to recover costs incurred for the remedial work at its landfill and for future costs to be expended for the complete disposal of the JESCO materials.

## For a First Cause of Action
(Declaratory Judgment)

19. Redland issued a Commercial Lines policy of insurance naming "LUKE WOFFARD [sic] TRUCKING INC" as an insured, with a policy period of December 1, 2007 to December 1, 2008, a certified copy of which is attached herein as Exhibit 1 and whose terms are incorporated herein by reference as if set forth herein verbatim.

20. The insurance policy issued by Redland to Luke Wofford Trucking provided commercial automobile coverage for vehicles owned and operated by Luke Wofford Trucking and was denoted by the Policy Number RICGA0001682 (hereinafter referred to as the "Business Auto" policy) which terms, conditions, exclusions, and endorsements are referred to as fully and effectually as if set forth herein verbatim.

21. On July 2, 2008, Pee Dee Environmental filed a claim against Luke Wofford Trucking for the alleged hazardous waste contamination occurring at its landfill in Florence County on or around June 12, 2008.

22. Pee Dee Environmental contends that there is insurance coverage applicable to Luke Wofford Trucking that covers all damages incurred by Pee Dee Environmental due to the alleged acts of Redland's insured.

23. Plaintiff Redland is informed and believes that it does not owe a duty of a defense or indemnification under its Business Auto policy to Luke Wofford Trucking for the damages claimed by Pee Dee Environmental for the reasons set forth herein.

24. Redland is currently investigating and defending the claim made against Luke Wofford Trucking by Pee Dee Environmental under a reservation of rights.

4

25. That as a result of the aforementioned, an actual case and controversy exists between the parties.

26. Redland's Business Auto policy provides, in pertinent part:

Section II- Liability Coverage

A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto."

We will also pay all sums an insured legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos." However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

27. Under the terms of the policy, a "covered pollution cost or expense" is defined as any cost or expense arising out of: (1) any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or (2) any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

28. Under the terms of the policy, a "covered pollution cost or expense" does not include:

any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

5

    (2) Otherwise in the course of transit by or on behalf of the "insured";

    (3) Being stored, disposed of, treated or processed in or upon the covered "auto"

29. The Business Auto policy further does not provide coverage for pollution costs or expenses arising out of the discharge of pollutants "[a]fter the 'pollutants' or any property in which the 'pollutants' are contained are moved from the covered 'auto' to the place where they are finally delivered, disposed of or abandoned by the 'insured'."

30. The Business Auto policy definition for a "covered pollution cost or expense" referenced in Paragraph Number 27 above applies to costs for accidents that occur away from the premises of Luke Wofford Trucking only if: (1) the pollutants or any property in which the pollutants are contained are upset, overturned or damaged as a result of the maintenance or use of a covered auto; and (2) the discharge, dispersal, seepage, migration, release or escape of the pollutants is caused directly by such upset, overturn or damage.

31. Under the terms of the policy, a "pollutant" is defined as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed."

32. The hazardous materials, including but not limited to the expandable foam insulation previously stored at JESCO, that were deposited at Pee Dee Environmental's landfill were "pollutants" as defined under Luke Wofford Trucking's Business Auto policy.

33. Upon information and belief, the release of hazardous and/or toxic materials in or around June 2008 at Pee Dee Environmental's landfill did not result from the maintenance or use of a vehicle owned by Luke Wofford Trucking.

34. Upon information and belief, should it be determined that the containers retaining the hazardous JESCO materials were overturned, upset, or damaged as a result of an

automobile used by Luke Wofford Trucking, any such overturn, upset, or damage did not directly cause the release of pollutants on the property of Pee Dee Environmental.

35. Because the release of the toxic JESCO materials on the property of Pee Dee Environmental did not arise out of or directly result from the maintenance or use of any scheduled automobile listed on Luke Wofford Trucking's Business Auto policy with Redland, plaintiff believes it is entitled to a declaration by this Court that it owes no duty to defend or indemnify Luke Wofford Trucking.

36. Alternatively, in the event it is shown that the claim made by Pee Dee Environmental constitutes a "covered pollution cost or expense" or property damage as defined in Luke Wofford Trucking's Business Auto policy, Redland is informed and believes that no defense or indemnification is owed under additional terms, exclusions, and endorsements of the policy.

37. The property that allegedly caused the pollution-related damage was owned by JESCO and/or Strauss and transported to Pee Dee Environmental's landfill by Luke Wofford Trucking.

38. That pursuant to Policy No. RICGA 0001682, Section II, Part B (Exclusions), Paragraph 6 excludes from coverage pollution costs or expenses involving property owned or transported by the insured or in the insured's care, custody, or control.

39. Accordingly, under Exclusion No. 6 of the Redlands policy referenced herein, coverage is excluded for Pee Dee Environmental's claim involving the expandable foam insulation that was transported by Luke Wofford Trucking.

40. Additionally, Pee Dee Environmental's claim against plaintiff includes property damage for the property allegedly damaged by Luke Wofford Trucking.

41. Exclusion No. 7(b) of the Redlands policy excludes from coverage any bodily injury or property damage resulting from the handling of property "[a]fter it is moved from the covered 'auto' to the place where it is finally delivered by the 'insured'."

42. Accordingly, no defense or indemnification is owed for property damage resulting from Luke Wofford Trucking's handling of the JESCO materials after the materials were deposited at the landfill owned by Pee Dee Environmental.

43. Additionally, Pee Dee Environmental's claim against Luke Wofford Trucking arises out of the dispersal of expandable foam insulation, a pollutant.

44. Pursuant to exclusion No. 11 of the Redland policy, coverage for any bodily injury or property damage arising out of the release of pollutants is excluded as stated below:

> a. That are, or that are contained in any property that is:
>
>   (1) Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";
>
>   (2) Otherwise in the course of transit by or on behalf of the "insured"; or
>
>   (3) Being stored, disposed of, treated or processed in or upon the covered "auto":
>
> b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or
>
> c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured."

45. Therefore, even if the acts of Luke Wofford Trucking initially fall within coverage provided by the Redland Business Auto policy for "covered pollution costs or expenses" or property damage, the above-cited exclusions preclude coverage for the acts alleged by Pee Dee Environmental.

8

46. Accordingly, based upon the policy language and exclusions cited above, Redland Insurance Company owes no duty to defend or indemnify Luke Wofford Trucking for the actions alleged by Pee Dee Environmental.

WHEREFORE, having fully alleged facts to support this Declaratory Judgment action, the plaintiff, Redland Insurance Company, prays for an Order declaring that the defendant, Luke Wofford Trucking, is not entitled to a defense or indemnification under the policy of insurance referenced above, for costs, and for such other and further relief as requested herein or that the Court deems just and proper.

                SOWELL GRAY STEPP & LAFFITTE, L.L.C.

                By: S / Rebecca Laffitte
                    Rebecca Laffitte
                    Fed ID No. 1036
                    J. Michael Montgomery
                    Fed ID No. 10290
                    1310 Gadsden Street
                    Post Office Box 11449
                    Columbia, South Carolina 29211
                    (803) 929-1400

                Attorneys for Plaintiff, Redland Insurance Company

Columbia, South Carolina

September 21, 2009